IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLES HAMLETT,

    Plaintiff,

v.

DANNIE THOMPSON; Deputy Warden
JOHNSON; Medical Director TAYLOR;
and Medical Doctor YOUNG,

    Defendants.

CIVIL ACTION NO.: CV610-070

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Macon State Prison in Oglethorpe, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff states that prior to entering the Georgia Department of Corrections, he was scheduled to have surgery on 2 herniated discs. Plaintiff said he has been in great pain since incarcerated, and while he was at Augusta State Prison he discovered he had an additional herniated disc and nerve damage in his neck. Plaintiff asserts Dr. Edwards in Atlanta determined that Plaintiff would need surgery on his neck. Plaintiff asserts he has received inadequate medical service

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to assert facts alleging that any of the four defendants he names in his complaint: Thompson, Johnson, Taylor, and Young, violated any of his constitutional rights. Plaintiff neglects to state how any

AO 72A
(Rev. 8/82)

of the defendants are responsible for or have taken part in his alleged inadequate medical treatment.

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of October, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE